### ASAHEL C. PALMER *vs.* GEORGE S. STOCKWELL.

A party to a written agreement for building a house, the plan of which is subsequently altered by oral consent at his suggestion so as to postpone the work without fixing any new time for its completion, cannot afterwards object to its not having been completed at the time originally agreed upon.

Upon the balance of an unliquidated and contested account, interest can be recovered only from the date of the writ, and not from a previous demand of payment.

ACTION OF CONTRACT for work done and materials furnished in building a house. The case, as shown by an auditor's report, upon which, as upon an agreed statement, it was submitted to the decision of the court, was as follows :

Palmer *v.* Stockwell.

The plaintiff agreed in writing with the defendant to build him a house, to be completed by the 1st of July 1851. After the plaintiff had begun to work under this agreement, a verbal agreement was made between the parties by which the plan of the house was altered and its size' enlarged, and this change of plan produced a delay in the prosecution of the work from April 12th to April 22d 1851. In the latter part of August, the house not having been completed, the defendant forbade the plaintiff to proceed further with the work; notwithstanding which the plaintiff went on, and completed the house in October, but not according 'to the specifications in the agreement, and the house was worth one hundred and fifty dollars less than it would have been if so built. On the 14th of October the plaintiff offered the key of the house to the defendant, and demanded a settlement of accounts between them, and also a mortgage in part payment; but the defendant refused to receive the key or give the mortgage. At the time of this demand the amount due to the plaintiff was unliquidated; and there were mutual contested accounts between the parties, growing out of the building of the house.

The defendant objected to the introduction of evidence of the oral agreement, and contended that the plaintiff could recover only for the work done up to the time when he was forbidden to proceed, deducting the defendant's damages for the non-fulfilment of the contract. But the auditor ruled that as the defendant had moved into and occupied the house, he was bound to pay the plaintiff its value, deducting the damage so sustained by the defendant; and that, after deducting all claims in set-off, including $100 for damages for non-completion of the contract, the plaintiff was entitled to recover $227.37, with interest from the date of the writ, and not, as the plaintiff contended, from the time of the demand.

*M. G. Cobb,* for the plaintiff, cited *Cummings* v. *Arnold,* 3 Met. 486; *Stearns* v. *Hall,* 9 Cush. 31; *Dodge* v. *Perkins,* 9 Pick. 388; *Barnard* v. *Bartholomew,* 22 Pick. 294; *Bassett* v. *Sanborn,* 9 Cush. 58.

*J. Q. A. Griffin,* for the defendant, cited *Hayward* v. *Leonard,*

7 Pick. 187; *Whiting* v. *Sullivan,* 7 Mass. 109; *Brewer* v. *Tyr-ingham,* 12 Pick. 547.

BIGELOW, J. 1. It appears that after the written agreement was made, the plan of the house was altered and enlarged at the defendant's suggestion, so that it would take more time to build, and yet no new stipulation was made as to the time of its completion. Time thereby ceased to be of the essence of the agreement, and the defendant cannot now, in defence of an action on the agreement, avail himself of a delay in its strict performance by the plaintiff, which was caused in part by his own act.

2. The sum due the plaintiff having been unliquidated and uncertain, dependent upon an adjustment of debts and credits between himself and the defendant at the time of the demand for payment, interest should be allowed on the balance found due, not from the time of such demand, but from the date of the writ only. *Brewer* v. *Tyringham,* 12 Pick. 547.

*Judgment for the plaintiff.*